**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KEITH FORSTER, et al.,<br>   Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>   Defendants. | Case No. 17-cv-05120-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART**<br><br>[Re: ECF 10] |

Plaintiffs Keith and Ying Forster sue Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC") for alleged misconduct relating to review of their applications for modification of their home mortgage loan. For the reasons discussed below, Defendants' Rule 12(b)(6) motion to dismiss the Forsters' claims for negligence and breach of contract is GRANTED, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART.

**I.  BACKGROUND[1]**

Mr. and Mrs. Forster bought their home in 2005. Compl. ¶ 8, ECF 1. HSBC is the current owner or beneficiary of the Forsters' home mortgage loan, and Wells Fargo is the loan servicer. *Id.* ¶¶ 2-3. In 2010, the Forsters fell behind on their mortgage payments. *Id.* ¶ 9. Wells Fargo offered them the opportunity to apply for a loan modification, and they submitted a completed application in late 2010. *Id.* ¶¶ 9-10. However, Wells Fargo spent the next several years asking the Forsters for the same documentation over and over again. *Id.* ¶ 11. Although the Forsters complied with every request, their application for loan modification was denied. *Id.* ¶ 12.

---

[1] The Forsters' well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

On December 10, 2013, the Forsters entered into a written contract with Defendants whereby Defendants agreed to review the Forsters for loan modification in strict compliance with its own guidelines and with California law. Compl. ¶ 13. In early 2015, the Forsters submitted a new loan modification application at Wells Fargo's direction. *Id.* ¶ 14. The new application supported a change in financial circumstances, specifically, increased income and decreased expenses. *Id.* Wells Fargo denied the application on or about March 2, 2016, stating that the change in circumstances did not provide a sufficient basis for another review. *Id.* ¶ 15. Wells Fargo's decision was based on a miscalculation of the Forsters' income. *Id.* ¶ 17. The Forsters believe that had their proper income been used, another review would have been warranted based on changed financial circumstances. *Id.*

In November 2016, the Forsters were invited to submit another application for loan modification. Compl. ¶ 18, ECF 1. They did so on November 28, 2016. *Id.* Approximately one month later, Wells Fargo recorded a Notice of Default despite the ongoing loan modification review. *Id.* ¶¶ 19-20. Wells Fargo denied the application for loan modification on May 9, 2017, on the basis that the Forsters had the ability to make their existing mortgage payments. *Id.* ¶ 22. The Forsters assert that the basis for Wells Fargo's denial is erroneous, as Wells Fargo informed them in April 2017 that the payment due was $627,019.87, an amount that the Forsters do not have the ability to pay. *Id.* ¶ 23. The Forsters' appeal of the denial was rejected. *Id.* ¶ 24.

The Forsters allege that they have foregone other loss mitigation options such as bankruptcy or short sale based on the representations that they would be reviewed for loan modification. Compl. ¶ 25. They also allege that Defendants' lack of diligence in reviewing their loan modification applications has resulted in an increase in indebtedness, lost equity in the property, damage to credit, and other damages. *Id.* ¶ 26.

The Forsters filed this lawsuit against Wells Fargo and HSBC in the Santa Clara County Superior Court on July 25, 2017, asserting four state law claims: (1) negligence; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) violation of California's Homeowners Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.6; and (4) breach of contract. Compl., ECF 1. Defendants removed the action to federal district court on the basis of

diversity of citizenship. Notice of Removal, ECF 1. They now seek dismissal of Claim 1 (negligence) and Claim 4 (breach of contract) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants do not challenge Claim 2 (UCL) or Claim 3 (HBOR) in the current motion.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Negligence (Claim 1)

Under California law, a plaintiff must allege the following elements to state a claim for negligence: "'(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries.'" *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (quoting *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 62 (2013)). The Forsters allege that "Defendants owe[d] a general duty of care to properly and timely process Plaintiffs['] loan modification application." Compl. ¶ 33, ECF 1. Defendants allegedly breached that duty both "by failing to

diligently and timely review the pending application," and "by failing to use accurate financial data in support of their denial." *Id.* ¶¶ 33-34. Defendants also allegedly were "negligent per se" when they pursued foreclosure during the loan modification process. *Id.* ¶¶ 35-37.

As an initial matter, although the negligence claim is asserted against both Wells Fargo and HSBC, it is clear on the face of the complaint that the claim is based solely on the conduct of Wells Fargo. *See* Compl. ¶¶ 8-47. The negligence claim is asserted against HSBC on the basis of the Forsters' belief that Wells Fargo acted "on behalf of HSBC." *Id.* ¶ 3. Accordingly, only Wells Fargo's conduct is at issue.

Defendants move to dismiss the negligence claim based upon a legal argument that under California law a mortgage loan servicer does not owe the borrower a duty of care in the processing of a loan modification application. The Forsters dispute Defendants' characterization of California law and contend that a mortgage loan servicer does owe the borrower a duty of care under facts such as those alleged here. "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 865 (9th Cir. 1996) (internal quotation marks and citation omitted). Where, as here, the California Supreme Court has not addressed the issue, this Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.* (internal quotation marks and citation omitted).

"Whether a duty of care exists is a question of law to be determined on a case-by-case basis." *Lueras*, 221 Cal. App. 4th at 62. Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). However, that general rule is not determinative in every case. *Rossetta v. CitiMortgage, Inc.*, -- Cal. App. 5th ---, 2017 WL 6422567, at *15 (2017). In order to determine whether a duty of care exists in a particular case, California courts balance the factors set forth in *Biakanja v. Irving* (1958) 49 Cal. 2d 647 (1958). *Id.* Those factors are: (1) the extent to which the transaction was intended to

4

affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. *Biakanja*, 49 Cal. 2d at 650.

"California courts of appeal have not settled on a uniform application of the *Biakanja* factors in cases that involve a loan modification." *Rosetta*, 2017 WL 6422567, at *15. "Although lenders have no duty to offer or approve a loan modification, courts are divided on the question of whether accepting documents for a loan modification is within the scope of a lender's conventional role as a mere lender of money, or whether, and under what circumstances, it can give rise to a duty of care with respect to the processing of the loan modification application." *Id.* (internal citations omitted). Defendants urge the Court to follow *Lueras*, 221 Cal. App. 4th at 67, and its progeny to decide that under the *Biakanja* factors a loan servicer does not owe a home mortgagee a common law duty of care in the processing of a loan modification application. The Forsters ask the Court instead to follow *Alvarez*, 228 Cal. App. 4th at 944, and its progeny in deciding that a common law duty of care in the loan modification process does arise under application of the *Biakanja* factors. California appellate courts and federal district courts within the Ninth Circuit appear to be split relatively evenly on this question. *See Rosetta*, 2017 WL 6422567, at *15 (collecting cases); *Marques v. Wells Fargo Bank, N.A.*, No. 16-CV-03973-YGR, 2016 WL 5942329, at *7 (N.D. Cal. Oct. 13, 2016) ("A growing number of courts that have addressed this issue since *Lueras* and *Alvarez* have adopted the holding in *Lueras* in finding that a mortgage servicer does not owe borrowers a duty of care in processing a residential loan modification."); *Romo v. Wells Fargo Bank, N.A.*, No. 15-CV-03708-EMC, 2016 WL 324286, at *9 (N.D. Cal. Jan. 27, 2016) (collecting cases and stating that "most federal district courts have followed *Alvarez*").

To the extent it has addressed the question, the Ninth Circuit has concluded that "application of the *Biakanja* factors does not support imposition of such a duty." *Anderson v. Deutsche Bank Nat. Tr. Co. Americas*, 649 F. App'x 550, 552 (9th Cir. 2016) (no duty of care where the borrower's negligence claim is based on allegation of delay in the processing of loan

5

modification application); *see also Badame v. J.P. Morgan Chase Bank, N.A.*, 641 F. App'x 707, 709-10 (9th Cir. 2016) ("Chase did not owe Plaintiffs a duty of care when considering their loan modification application because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.'") (quoting *Lueras*, 221 Cal. App. 4th at 67); *Deschaine v. IndyMac Mortg. Servs.*, 617 F. App'x 690, 693 (9th Cir. 2015) ("IndyMac owed no duty of care to Deschaine when considering his request for a loan modification, because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.'") (quoting *Lueras*, 221 Cal. App. 4th at 67).

This Court finds the *Lueras* line of cases to be more persuasive and therefore concludes that, were it to address the issue, the California Supreme Court most likely would find that a mortgage servicer does not owe a borrower a duty of care in processing an application for a residential loan modification. In particular, this Court is not persuaded that the California Supreme Court would find that the foreseeability of harm, closeness of connection, moral blame, or other *Biakanja* factors give rise to a common law duty. "Harm to the borrower as a result of an extended review period, while foreseeable, is neither certain nor primarily attributable to the lender's delay in the processing of the application." *Anderson*, 649 Fed. App'x at 552. Where modification is necessary because the borrower cannot repay the loan, the borrower's harm is not closely connected with the lender's conduct, and the lender is not morally culpable. *See id.* This Court therefore concludes that the California Supreme Court would find cases involving applications for residential loan modification to fall within the general rule that financial institutions do not owe borrowers a common law duty of care.

Accordingly, Defendants' motion to dismiss the Forsters' negligence claim is GRANTED WITHOUT LEAVE TO AMEND.

**B.     Breach of Contract (Claim 4)**

The elements of a claim for breach of contract under California law are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811,

821 (2011). "A written contract may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference – or by its legal effect." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006). "In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *Id.* (internal quotation marks and citation omitted). Pleading a contract by its legal effect "is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *Id.* (internal quotation marks and citation omitted).

The Forsters allege that "Plaintiffs and Defendants entered into a written contract wherein Defendants agreed to review Plaintiffs for a loan modification in strict compliance with its [sic] own guidelines, California law and in good faith." Compl. ¶ 60, ECF 1. Defendants point out, correctly, that the alleged written contract is not attached to the complaint or quoted verbatim. Nor is sufficient information provided to plead the alleged written contract by legal effect, as the Forsters do not allege the timing of the review allegedly promised, or which of the many loan modification applications referenced in the complaint was the subject of the written contract. Accordingly, the Forsters have failed to allege facts showing the existence of a written contract.

Defendants' motion to dismiss the Forsters' breach of contract claim is GRANTED WITH LEAVE TO AMEND.

## IV. ORDER

(1) The motion is GRANTED WITHOUT LEAVE TO AMEND as to Claim 1 for negligence;

(2) The motion is GRANTED WITH LEAVE TO AMEND as to Claim 4 for breach of contract;

(3) Any amended complaint shall be filed on or before February 13, 2018; and

(4) Leave to amend is limited only to Claim 4 for breach of contract – the Forsters may not add new claims or parties without express leave of the Court.

Dated: January 23, 2018

BETH LABSON FREEMAN
United States District Judge

7